Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| REBECCA DE PEDRO GONZÁLEZ PEDRO DE PEDRO MARTÍNEZ<br><br>Recurridos<br><br>V.<br><br>SUCESIÓN DE JAVIER FRANCISCO VARGAS CORREA Y OTROS<br><br>Peticionarios | KLCE202401313 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: D CD2015-2280 (505)<br><br>Sobre: Cobro de Dinero; Reivindicación de Bienes Muebles; Solicitud Cuota Viudal Usufructuaria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

El 4 de diciembre de 2024, compareció ante este Tribunal de Apelaciones el señor Javier F. Vagas Pérez-Cisneros y el señor Alejandro J. Vargas Pérez-Cisneros (en adelante y en conjunto, parte apelante), mediante *Petici[ó]n de Certiorari*[1]. Por medio de este, nos solicita que revisemos la *Sentencia Parcial Enmendada* emitida y notificada el 10 de septiembre de 2024[2], por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por la señora Rebecca de Pedro González (en adelante, señora De Pedro González) y el señor Pedro De Pedro Martínez (en adelante, señor De Pedro Martínez, y en conjunto, parte

---

[1] Acogido como una *Apelación* mediante *Resolución* emitida el 6 de diciembre de 2024, por ser lo procedente en Derecho.
[2] Originalmente emitida el 6 de noviembre de 2023, pero enmendada el 10 de septiembre de 2024.

Número Identificador

RES2024 _____

apelada)*,* y desestimó la *Reconvención* presentada por la parte apelante.

Por los fundamentos que adelante se esbozan, se desestima el recurso por falta de jurisdicción.

**I**

Los hechos que suscitaron la controversia de epígrafe, se remontan a una *Demanda* sobre cobro de dinero, reivindicación de bienes muebles y solicitud de cuota viudal usufructuaria, presentada por la parte apelada. En esencia, la parte apelada sostuvo que, la parte apelante era heredera del señor Javier F. Vargas Correa (en adelante, señor Vargas Correa), quien al momento de su muerte, estaba casado con la señora De Pedro González[3]. Alegó que, durante la vigencia del matrimonio entre esta y el señor Vargas Correa, le había realizado una serie de préstamos económicos a este último, para un monto estimado de $75,000.00. Añadió que, el señor De Pedro Martínez y el señor Agrippino Mandra también le habían realizado préstamos de $5,000.00 y de $8,000.00 respectivamente al señor Vargas Correa. De las alegaciones de la *Demanda* surge que, luego del fallecimiento del señor Vargas Correa, la señora De Pedro González intentó recobrar bienes muebles privativos que permanecían en la residencia que ambos ocuparon durante su matrimonio, pero que, la parte apelante se lo impidió. A tales efectos, indicó que, presentó una *Querella* al amparo de la Ley Núm. 140 de 23 de julio de 1974, que fue declarada Ha Lugar por el Tribunal de Primera Instancia. Adujo que, como consecuencia, el foro *a quo* le ordenó a la parte apelante que le permitiera a la señora De Pedro González el acceso a sus bienes muebles y a recobrar todas sus pertenencias que estuvieran bajo el control de la parte apelante. No obstante, al momento de la señora De Pedro González recuperar

---

[3] Bajo el régimen de separación de bienes.

sus bienes muebles, la parte apelante se negó a entregarle varios artículos y alegaron que, le pertenecían privativamente al señor Vargas Correa. La señora De Pedro González, sostuvo que, el total de dichos muebles se estimaba en la cantidad de $10,000.00. Asimismo, alegó que, al momento de la presentación de la *Demanda*, la Sucesión del señor Vargas Correa le adeudaba a la parte apelada una suma ascendente a $103,000.00. Finalmente, solicitó al foro primario que le ordenara a la parte apelante el pago de dicha suma, la entrega de los bienes muebles de su pertenencia y el pago de una cuota viudal usufructuaria.

Posteriormente, la parte apelante presentó *Contestación Enmendada a Demanda y Reconvención Enmendada*. En síntesis, negó las alegaciones respecto a los préstamos realizados por el señor Vargas Correa. Igualmente, arguyó que, la señora De Pedro González había retirado de la propiedad todos los bienes muebles de su pertenencia en presencia de su representante legal, el licenciado Luis Santiago Zambrana y había suscrito un recibo y relevo. Por otro lado, en su reconvención, la parte apelante sostuvo que, luego de que se instara una demanda de divorcio, el señor Vargas Correa y la señora De Pedro González, habían suscrito unos acuerdos y estipulaciones donde acordaron que esta última podía retirar de la propiedad ciertos bienes muebles. Más adelante añadió que, la señora De Pedro González había retirado dichos bienes muebles junto con el licenciado Santiago Zambrana. Argumentó que, debido a los acuerdos suscritos entre el señor Vargas Correa y la señora De Pedro González, esta se encontraba impedida de obtener cualquier bien inmueble que no estuviera comprendido en el mismo. La parte apelante, adujo que, la parte apelada le adeudaba y era solidariamente responsable por la cantidad de $200,000.00 por cobro de lo indebido y fraude, y a su vez, le adeudaba la cantidad de

$500,000.00 en concepto de daños y perjuicios por difamación, libelo y calumnia, y otros actos u omisiones negligentes.

Así las cosas, el 31 de octubre de 2022, la parte apelada presentó la *Solicitud de Sentencia Sumaria*. En esta, propuso diez (10) hechos que, a su juicio, no se encontraban en controversia. Sostuvo, además, que, no procedía en derecho la acción en daños y perjuicios por difamación, libelo y calumnia presentada por la parte apelante en la *Reconvención*, y que, debía ser desestimada mediante sentencia sumaria parcial.

En igual fecha, la parte apelante presentó la *Moción de Sentencia Sumaria Desestimatoria*. Mediante esta, le solicitó al foro de primera instancia que desestimara la *Demanda* en su contra en su capacidad personal. En respuesta, la parte apelada presentó la *Oposición a Moción de Sentencia Sumaria Desestimatoria*.

El 6 de noviembre de 2023, el foro *a quo* emitió una *Resolución* donde determinó que existían controversias de hecho. Consecuentemente, declaró No Ha Lugar la moción de sentencia sumaria presentada por la parte apelante y la oposición a la misma.

Por su parte, el 27 de noviembre de 2023, el señor De Pedro Martínez, presentó la *Moción de Reconsideración Parcial y/o Enmiendas o Determinaciones Iniciales o Adicionales*. Respecto a dicha moción, el 10 de septiembre de 2024, el Tribunal de Primera Instancia emitió *Resolución* donde resolvió lo siguiente:

> Se declara CON LUGAR la solicitud de reconsideración de forma parcial, únicamente en cuanto a los extremos consignados en la *Resolución Enmendada* emitida en esta misma fecha, en cuanto al resto de lo solicitado en la moción, NO HA LUGAR.

A tales efectos, en igual fecha, emitió la *Resolución Enmendada*. De igual forma, emitió la *Sentencia Parcial* cuya revisión nos atiene. En esta, estableció nueve (9) determinaciones de hechos que no estaban en controversia. Asimismo, declaró Con Lugar la *Solicitud de Sentencia Sumaria* presentada por la parte

apelada el 31 de octubre de 2022. Consecuentemente, desestimó la *Reconvención* presentada por la parte apelante y ordenó la continuación de los procedimientos respecto a las otras causas de acción.

En desacuerdo, el 26 de septiembre de 2024, la parte apelante presentó la *Moci[ó]n de Reconsideraci[ó]n de Sentencia Parcial*. Mientras que, el 31 de octubre de 2024, la parte apelada presentó la *Moci[ó]n en Cumplimiento de Orden y en Oposici[ó]n de Moci[ó]n de Reconsideraci[ó]n de Sentencia Parcial*.

Finalmente, mediante *Resoluci[ó]n* emitida el 1 de noviembre de 2024[4], la primera instancia judicial declaró No Ha Lugar la moción de reconsideración presentada por la parte apelante.

Aun inconforme, la parte apelante acudió ante este foro revisor y esgrimió el siguiente señalamiento de error:

> Erró el Honorable TA [sic.] al desestimar por la vía sumaria la reconvención de los Co-Demandado-Recurrentes, sin disponer de todas y cada una de las causas de acción contempladas en sus alegaciones, limitando sus conclusiones de hecho y de derecho a las expresiones del Co-Demandante, Javier F. Vargas Pérez-Cisneros, sin constatar la totalidad de los hechos controvertibles existentes en el caso que impiden la resolución del pleito por la vía sumaria.

Mediante *Resolución* emitida el 6 de diciembre de 2024, entre otras cosas, le ordenamos a la parte apelante acreditar en o antes del 11 de diciembre de 2024, haber notificado copia del recurso de epígrafe a la parte apelada, ello, de conformidad con la Regla 13 (B) del Reglamento de este Tribunal y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones.

El 11 de diciembre de 2024, la parte apelante presentó la *Moci[ó]n en Cumplimiento de Orden*. En la misma, sostuvo que la notificación del recurso a la parte apelada se había enviado el 4 de

---

[4] Notificada el 4 de noviembre de 2024.

diciembre de 2024 a las 11:42 pm por correo electrónico y la portada a las 11:50 pm por el mismo método. Añadió que, el apéndice del recurso con copia adicional **fue enviado el 5 de diciembre de 2024 a las 12:08 de la media noche**, por alegadamente "enfrentar problemas para cargar y enviar el mismo previo a medianoche".

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[5].

## II

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 25, 213 DPR ___ (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[6] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subasta ASG*, supra; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[7] La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[8]

---

[5] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

[6] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[7] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[8] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power. Inc. v. Junta de Subasta ASG*, supra; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[9], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

## B. *Perfeccionamiento de Recursos Apelativos*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Freire Ruiz v. Morales Román*, supra; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se

---

[9] 4 LPRA Ap. XXII-B, R. 83.

deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290. Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Freire Ruiz v. Morales Román*, supra; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su **oportuna presentación y notificación del escrito a las partes apeladas**. *Freire Ruiz v. Morales Román*, supra; *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). (*Énfasis nuestro*). Nuestro Máximo Foro ha expresado que, el requisito de notificación ha sido incorporado en la práctica legal con el objetivo de salvaguardar el debido proceso de ley de las partes ante la presentación de un recurso apelativo. *Freire Ruiz v. Morales Román*, supra. El Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia deberán presentarse dentro del término jurisdiccional de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Bajo este supuesto, respecto a la notificación del recurso de apelación a las partes, la Regla 13(B) del Reglamento del Tribunal de Apelaciones, *supra*, dispone lo siguiente:

(1) Cuándo se hará

La parte apelante **notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo este un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su

representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.[10]

Según puede observarse, el término antes dispuesto es uno de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, supra, pág. 92, lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[11]. En el aludido caso[12], el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[13] En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida.**[14] (Énfasis nuestro).

---

[10] 4 LPRA Ap. XXII-B, R. 13(B); *Freire Ruiz v. Morales Román*, supra.
[11] *Soto Pino v. Uno Radio Group*, supra, pág. 93.
[12] *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 171.
[13] *Soto Pino v. Uno Radio Group*, supra, pág. 92.
[14] *Id.*, pág. 93. Véase también *Freire Ruiz v. Morales Román*, supra.

En ausencia de las circunstancias antes mencionadas, el tribunal carece de discreción para prorrogar el término, y por consiguiente, acoger el recurso apelativo ante su consideración. *Freire Ruiz v. Morales Román*, supra. Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra*, 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group,* supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, supra, pág. 720; *Freire Ruiz v. Morales Román*, supra. El Tribunal Supremo, además, ha resaltado que, "no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales". *Freire Ruiz v. Morales Román*, supra, citando a *García Ramis v. Serrallés*, 171 DPR 250, 254 (2007).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso ante nuestra consideración. Veamos.

Según reseñáramos, la parte apelante por medio de recurso de apelación presentado el 4 de diciembre de 2024, nos solicita que

revisemos la *Sentencia Parcial Enmendada* emitida y notificada el 10 de septiembre de 2024, por el Tribunal de Primera Instancia.

Mediante *Resolución* emitida el 6 de diciembre de 2024, le ordenamos a la parte apelante acreditar en o antes del 11 de diciembre de 2024, haber notificado copia del recurso de epígrafe a la parte apelada, ello, de conformidad con la Regla 13 (B) del Reglamento de este Tribunal y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones.

Subsiguientemente, la parte apelante presentó la *Moci[ó]n en Cumplimiento de Orden.* A través de esta adujo que, la notificación del recurso a la parte apelada, había sido enviada el **4 de diciembre de 2024** a las 11:42 pm por correo electrónico y la portada a las 11:50 pm por el mismo medio. Añadió que, el apéndice del recurso con copia adicional fue enviado el **5 de diciembre de 2024 a las 12:08 de la media noche**, por alegadamente "enfrentar problemas para cargar y enviar el mismo previo a medianoche".

Si bien es cierto que la parte apelante presentó su recurso de apelación y lo notificó a la parte apelada y al Tribunal de Primera Instancia dentro del término provisto por el Reglamento de este Tribunal, esta notificó el apéndice de este fuera del aludido término. En la *Moci[ó]n en Cumplimiento de Orden*, la parte apelante reconoció que, **el apéndice del recurso fue enviado a la parte apelada el 5 de diciembre de 2024 a las 12:08 am.**

La Regla 13(B) del Reglamento de este Tribunal es clara al expresar que, la parte apelante deberá notificar **el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo este un término de estricto cumplimiento.[15] La parte apelante tenía disponible hasta el 4 de

---

[15] 4 LPRA Ap. XXII-B, R. 13(B); *Freire Ruiz v. Morales Román*, supra.

diciembre de 2024 para presentar y notificar el recurso de apelación junto a sus anejos, no obstante, no cumplió con notificar sus anejos dentro de tal término. Es por lo que, ante el incumplimiento con las disposiciones reglamentarias de este tribunal sobre la notificación de los recursos apelativos, procede la desestimación del recurso de marras. Cabe destacar que, las escuetas razones ofrecidas por la parte apelante para la notificación fuera del término dispuesto no constituyen justa causa conforme a nuestro estado de derecho.[16]

Tal y como esbozamos previamente, nuestra Alta Curia ha dispuesto que es menester que se acredite la justa causa mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora".

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[17], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

La jueza Romero García disiente respetuosamente de la determinación de la mayoría de este panel. La Regla 2(3) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos impone la obligación de atender en los méritos las controversias

---

[16] Véase *Soto Pino v. Uno Radio Group*, supra, pág. 92.
[17] 4 LPRA Ap. XXII-B, R. 83(C).

judiciales traídas ante nuestra consideración, y nos conmina a no desestimar un recurso por defectos de forma o **de notificación** que no afecten los derechos de las partes. Conforme a esa norma, la jueza Romero García habría concluido que la parte apelante sí mostró justa causa para notificar copia del apéndice del recurso a la parte contraria, tan solo uno minutos después del término de estricto cumplimiento con el que contaba.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones